UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| EUGENIA LYNN RILEY, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 10-CV-410-FHM |
| MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security Administration, | ) ) ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff, Eugenia Lynn Riley, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir.

---

[1] Plaintiff's application for Supplemental Security Income benefits was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held February 24, 2009. By decision dated March 23, 2009, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on April 22, 2010. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481

2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

Plaintiff was 45 years old at the time of the hearing. [R. 24]. She claims to have been unable to work since May 8, 2002, due to reflex sympathetic dystrophy and anxiety. [R. 25]. At the hearing, Plaintiff amended her onset date to May 21, 2007. [R. 22-23]. The ALJ determined that Plaintiff has severe impairments consisting of reflex sympathetic dystrophy and anxiety disorder [R. 12], but that she retains the residual functional capacity (RFC) to perform light work activity limited to simple tasks with routine supervision and limited contact with the general public. [R. 13]. Based upon the testimony of a vocational expert (VE), the ALJ found that Plaintiff could not return to her past relevant work but that there are other jobs available in the economy in significant numbers that Plaintiff could perform with that RFC. [R.17]. He concluded, therefore, that Plaintiff is not disabled as defined by the Social Security Act. [R. 18]. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing the five steps); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts a single allegation of error: "The ALJ failed to properly analyze the medical evidence; thus, the ALJ's residual functional capacity assessment of [Plaintiff] was flawed." [Dkt. 16, p. 1]. Plaintiff's complaint regarding the ALJ's weighing

2

of medical evidence focuses on the evidence from Kenneth R. Trinidad, D.O., and Denise LaGrand, Psy.D. [Dkt. 16]. She contends the ALJ did not give appropriate weight to the opinions of Dr. Trinidad and argues for reversal on this basis. Plaintiff also asserts that the ALJ improperly ignored the findings and opinions of Dr. LaGrand. After review of the record and the ALJ's decision, the Court concludes that the ALJ adequately demonstrated that he had properly considered the opinions of Dr. Trinidad and Dr. LaGrand and, therefore, finds Plaintiff's allegation of error is without merit.

## **Medical Evidence**

Plaintiff was injured while on the job as a cashier/clerk at a convenience store in May 2002 when a case of beer fell on her foot. [R. 26]. She was later diagnosed with reflex sympathetic dystrophy (RSD) by an orthopedist. [R. 234].[2] She was seen by Kenneth R. Trinidad, D.O., for workers' compensation claim purposes on July 29, 2002. [R. 234-237]. Dr. Trinidad opined that Plaintiff remained temporarily totally disabled from the date of her injury to the date of his examination and continuing. *Id.* Dr. Trinidad examined Plaintiff again on March 3, 2003 and reported Plaintiff was still temporarily totally disabled. [R. 230-233]. On August 28, 2003, Dr. Trinidad released Plaintiff from care, saying: "her condition is stable and chronic and maximum medical

---

[2] RSD is an incompletely understood response of the body to an external stimulus, resulting in pain that is usually nonanatomic and disproportionate to the inciting event or expected healing response. *See* medical reference online at: http://emedicine.medscape.com/article/394928-overview. Also known as reflex sympathetic dystrophy syndrome (RSDS), RSD is a condition that features a group of typical symptoms, including pain (often "burning" type), tenderness and swelling of an extremity associated with varying degrees of sweating, warmth and/or coolness, flushing, discoloration and shiny skin. The exact mechanism of how RSDS develops is poorly understood. The theories include irritation and abnormal excitation of nervous tissue, leading to abnormal impulses along nerves that affect blood vessels and skin. *See* medical information online at: http://www.medicinenet.com/reflex_sympathetic_dystrophy_syndrome/article.htm.

recovery has been achieved. I am doubtful that any further therapy will substantially alter her clinical circumstance. She does require ongoing medication in the form of Effexor and periodic physician follow-up." [R. 226-229]. He evaluated a 40 percent permanent partial impairment to the right foot and said: "With her current impairment she is unable to return to her former position as a store clerk and, in my opinion, will require vocational training to place her in a sedentary job." [R. 229].

The record contains a consultative examination report by Denise LaGrand, Psy.D., who examined Plaintiff on August 14, 2007. [R. 178-190]. Dr. LaGrand's report reflects Plaintiff reported no current or past mental health treatment; that she tested in the average IQ range with her functioning consistent with that estimated IQ; that her ability to concentrate and memory skills appeared to be consistent with her IQ; that she focused on the examiner and tasks presented; that her ability to concentrate appeared to be adequate and that she demonstrated no significant problems with persistence and pace. [R. 184-199]. Dr. LaGrand said:

> Mrs. Riley's application appears to be based on both mental and physical problems and this should be taken into account when determining her eligibility for SSI/Disability, as the combination of mental and physical symptoms leads to greater impairment and makes her less likely to be successful in a job setting. However, the extents to which her physical problems limit her ability to function are beyond the scope of this evaluation. From a psychological standpoint, her ability to work is low average.

[R. 188-189]. Dr. LaGrand's prognosis included a likelihood of fair significant improvement in the next 12 months with adequate treatment. [R. 189].

**Discussion**

In his decision, the ALJ discussed the findings and opinions expressed by Dr. Trinidad and noted that the doctor recommended vocational training for a sedentary job because he felt Plaintiff could no longer perform her job as a store clerk. [R. 14]. The ALJ's step four finding comports with Dr. Trinidad's opinion in that respect. [R. 17].

The ALJ also noted that the doctor did not place any restrictions on work-related activities other than suggesting a sedentary position. [R. 17]. As pointed out by the Commissioner, Dr. Trinidad's opinion was rendered in accordance with workers' compensation court criteria, not that of the Social Security Administration and it applied to a period of time that was years before the relevant time period in this case. Dkt. 16, p. 5]. *See* 20 C.F.R. S 404.1504;(another agency's determination is based on different rules, and is not binding on the Society Security Administration); *Baca v. Department of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir.1993) (findings by other agencies are entitled to weight and must be considered, but are not binding on the Commissioner).

Furthermore, as admitted by Plaintiff, the RFC assessment is an issue reserved to the Commissioner, not a physician. The determination of RFC is an administrative assessment, based upon all of the evidence of how the claimant's impairments and related symptoms affect her ability to perform work related activities. See Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *2, *5. The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all of the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ. See 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946.

As pointed out by counsel for the Commissioner, the ALJ listed some sedentary jobs that Plaintiff could perform with her RFC. Thus, Plaintiff's contention that the ALJ rejected Dr. Trinidad's opinions outright is incorrect. After review of the record and the ALJ's decision, the Court concludes the ALJ provided sufficient reasons for giving Dr. Trinidad's opinion "little weight" and the record offers no grounds for reversing the ALJ's finding in this regard.

The ALJ's RFC assessment included accommodations for Plaintiff's mental impairment (simple tasks with routine supervision and limited contact with the general public). Those limitations comport with the mental RFC assessment by Burnard Pearce, Ph.D., which was based upon Dr. LaGrand's report. [R. 205-208]. Therefore, the ALJ's failure to mention the consultative examination report by Dr. LaGrand does not require reversal because her report does not conflict with the ALJ's assessment regarding Plaintiff's mental RFC. *See Howard v. Barnhart*, 379 F.3d 945 (10th Cir. 2004) (when ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened).

## Conclusion

The ALJ's decision demonstrates that he properly considered the medical evidence from Drs. Trinidad and LaGrand in his determination that Plaintiff retained the capacity to perform jobs existing in significant numbers in the economy. The record as a whole contains substantial evidence to support the determination of the ALJ that Plaintiff is not disabled. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 1st day of June, 2011.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE